NEW-YORK, May, 1831.

Jones v. Savage.

## JONES & MANN *vs.* SAVAGE.

A promise by the *drawer* of a bill of exchange, after due, *to make an arrangement satisfactory to the holder*, will not subject him to the payment of the bill, where there is no evidence of demand upon the drawee, or notice to the drawer, or knowledge on his part that notice had not been given.

Nor is the fact of the drawer including the demand of the holder in an account of his creditors, on an application for an insolvent's discharge, sufficient to charge him, where it is not shewn that at the time of making such account he knew that the necessary steps to charge him as drawer had not been taken.

Where a bill of exchange is given *in payment of goods purchased*, there can be no recovery on a count for goods sold, unless it be shewn that the drawer has been legally fixed with the payment of the bill, or has promised to pay it with full knowlege that he was not liable.

An attorney prosecuting a suit in the name of plaintiffs residing abroad, though for the benefit of a resident here, not being indemnified against his liability to the defendant for costs, is not a competent witness.

THIS was an action of assumpsit, tried at the Madison circuit, in September, 1829, before the Hon. SAMUEL NELSON, then one of the circuit judges.

The declaration contained a count on a bill of exchange, dated at Liverpool, 27th April, 1824, for £79.15.0 sterling,

drawn by the defendant, on W. W. Dublin, payable three months after date, to his own order, in London, and endorsed by him. The plaintiffs sued as *endorsees*, and averred non-payment by the *drawee*, and notice to the defendant. There was also a count for goods sold and delivered, and the money counts. The plaintiffs' attorney was sworn as a witness on the part of the plaintiffs, and on being examined by the defendant's counsel, stated that the plaintiffs resided in England, but that he was retained by a resident of this state, for whose benefit the suit was prosecuted. The defendant's counsel objected to his competency as a witness, on the ground of his liability to the defendant's costs, should the plaintiffs not prevail. The judge overruled the objection. The witness produced the bill of exchange, and stated that after the commencement of the suit the defendant requested a delay of proceedings, with a view to a negotiation; that subsequently he asked the defendant if he had effected an arrangement of the demand, who answered that he had not, and requested a further delay. The witness then shewed him the bill of exchange, and proposed that he should give him a cognovit for the amount, or security, payable at a future day, and in either event, he should have time to make payment. The defendant answered that if he did not effect an arrangement of the demand within a short time, he would make an arrangement with the witness which should be satisfactory to him, but that he had not done so. The plaintiff also produced, in support of the count for *goods sold*, an exemplification of certain proceedings had on the application of the defendant for his discharge as an *insolvent debtor;* the petition in which bore date 15th October, 1824, and in the inventory of creditors and monies owing by the insolvent was an entry in these words : · "Jones & Mann, Liverpool, £79.15.0—$354,44½, bill of exchange for goods purchased." On this evidence the defendant's counsel moved for a nonsuit, insisting that the plaintiffs could not recover on the bill of exchange, not having proved a demand of payment of the drawee, and notice of non-payment to the defendant; nor could he recover on the count for goods sold, as it appeared that the bill of exchange had been given in payment of such goods. The nonsuit was denied, and the

jury, under the charge of the judge, found a verdict for the plaintiffs for the amount of the bill of exchange and interest. The defendant moved for a new trial.

*N. P. Randall,* for defendant.

*J. A. Spencer,* for plaintiffs.

*By the Court,* SAVAGE, Ch. J.   By the rules of this court, an attorney prosecuting a suit is liable for costs to the defendant, in case he succeeds, to the amount of $100, where the *plaintiff* resides out of this state, and that liability attaches,· although the *party in interest* be a resident within the state.   In *Waring* v. *Barret,* 2 *Cowen,* 460, the real plaintiff was Brady, who resided within the state ; but we granted a rule against the attorney for $100, and against Brady for the balance.   No doubt the real plaintiff, the owner of the demand, is liable for the whole, but that does not release the attorney.   In *Chaffee* v. *Thomas,* 7 *Cowen,* 358, we held that the attorney was a competent witness, where he was fully indemnified against his liability for costs, and that I believe is the extent to which we have gone in such a case.   Here the attorney was retained by a person residing in this state, for whose benefit this suit is prosecuted ; for aught that appears, that person may be insolvent, and the attorney have no security indemnifying him against his liability for the costs.   He was therefore an incompetent witness.

It is, however, not very important whether he was competent or not, as his testimony does not prove that kind of promise which has been held to be a waiver of demand and notice.   In *Trimble* v. *Thorn,* 16 *Johns. R.* 150, Chief Justice Spencer refers to the previous cases in this court on this point, and states the substance of them to be, that a subsequent promise to pay is a waiver of the want of notice in cases only where the promise was made with full knowledge of the fact that due notice had not been given, and that knowledge is not to be inferred from the promise itself, but it must affirmatively appear that the party knew he had not received regular notice ; otherwise the presumption is that the promise was made under a belief that regular notice was

given, inasmuch as such notice need not be personal. It may be doubted, too, whether the promise was such as has been required by previous cases to be a waiver of notice. In the case of *Griffin* v. *Goff*, 12 *Johns. R.* 424, the defendant said he knew of no defence; but the court said this is extremely slight, and by no means waives any objection which the law puts into his hands. In *Miller* v. *Hackley*, 5 *Johns. R.* 385, the court thought the promise not sufficient; it was that he would take care of the bills, or see them paid; if the former, then he might mean that he would resist payment. In this case the language used, meant that either judgment would be confessed, or that security would be given; but that does not prove that he was at the time aware of the fact that due notice had not been given. See aslo 5 *Johns. R.* 248; 11 *id.* 180. When the question, whether a subsequent promise was a waiver of want of notice, was presented in *Pierson* v. *Hooker*, 3 *Johns. R.* 71, the court gave no opinion upon it, but referred to *Lundie* v. *Robertson*, 7 *East*, 231, in which Lord Ellenborough said: "Where a man promises to pay a demand against himself, every thing must be presumed against him; it must therefore," he said, " be presumed that due notice had been given, and his promise was an admission that there existed no objection to his payment of the bill." But in *Sturms* v. *Lynch*, 12 *East*, 38, where a subsequent promise was relied on, the court state that the promise was made, with a full knowledge of all the circumstances, three months after the bill had been dishonored, and the party could not defend himself on the ground of his ignorance of the law. The plaintiffs' difficulty in this case is, that they have not shewn the defendant's liability upon the bill of exchange, nor have they shewn a promise to pay it, made under a full knowledge of the fact that notice had not been given. In England the defendant's promise is now held sufficient to justify the jury in inferring the facts necessary to charge him as drawer. 4 *Campb.* 52. The production of the defendant's insolvent papers proves an admission of his liability, but they do not shew that when that admission was made the defendant knew that the necessary steps to charge him had not been taken, which is necessary to complete his liability upon

NEW-YORK, such an admission.   From the production of the insolvent
May, 1831.   papers, it appears that the bill was given for goods, and the
~~~~~~   plaintiffs therefore claim to recover on the original conside-
Jones   ration ; but this bill having been given in payment, the plain-
v.   tiffs are not entitled to recover, unless the defendant is liable
Savage.   on the bill, or on a promise made with knowledge·that he
was not liable on the bill.   It may be that the holder of the
bill, when it fell due, made it his own, ·by omitting to de-
mand payment and give notice.   It may be that the defend-
ant had funds in the hands of the drawee, with which it would
have been paid if presented.   This is not like an ordinary
case of a note given for goods which may be. cancelled on
the trial, and a recovery had for the original consideration ;
in such case there is no doubt as to the defendant's liability
on his note.   If there was no doubt in this case of the de-
fendant's liability on the bill, the same rule would apply ; but
the bill was given in payment, and unless due diligence was
used to obtain payment upon that bill, the original debtor is
discharged.   For instance, a merchant buys a bill of goods,
and pays in a note of a third ˉperson, which he endorses ; if
the vendor of the goods neglects to demand the note, and
give notice to the endorser so as to charge him, he has made
the note his own, and must rely upon the solvency of the
maker.   He cannot sue the endorser as such, because the
endorser is discharged by the negligence of the holder.   He
cannot sue for the goods, because he received payment in a
note.

Such is this case, and therefore the plaintiffs did not shew
enough to entitle them to recover.

A new trial must be granted, with costs to abide the event.