DAYTON vs. TRULL.

A draft or bill of exchange upon a third person given by a debtor to a creditor who stipulates that it shall be *in full satisfaction* of the debt *when paid*, is *prima facie* evidence of payment of the original debt ; and to rebut such evidence the creditor is bound to show, in an action for the recovery of the original debt, *diligence* in obtaining payment of the bill, and if not paid, notice of non-payment ; or he must *excuse* the non-presentment and produce the bill on the trial to be cancelled.

THIS was an action of *debt* on judgment, tried at the Washington circuit in November, 1837, before the Hon. JOHN WILLARD, one of the circuit judges.

The plaintiff produced the record of a judgment in his favor [ *346 ]   against the defendant for $275,16, docketed on the *17th August, 1829, and rested.   The defendant then gave in evidence a receipt signed by the plaintiff, as follows ; " Supreme court—Jehiel Dayton *vs.* Willard Trull, Jun.—Received, 15th February, 1832, of the defendant fifty dollars in cash, and his drafts on Clark Rice, Jun. for one hundred and seventy-five dollars, payable, fifty dollars thereof ninety days from date, fifty dollars six months from date, and seventy-five dollars one year from date, with interest from this date, which when paid shall be in full satisfaction of the judgment in this cause ; the amount of the judgment being two hundred and seventy-five dollars and ten cents, with interest from the 17th August, 1829." The defendant insisted that the receipt was *prima facie* evidence of the payment and satisfaction of the judgment, and that to rebut such evidence the plaintiff was bound to account for the drafts, and shew ordinary diligence in the collection of them ; at least he was bound to show that they were presented to the drawee and protested, or that they were lost or cancelled. But the judge decided that the defendant must go further, and show that the drafts were actually accepted and paid. The defendant further insisted that the plaintiff was not entitled to recover, if at all, more than the amount of the drafts with interest. The judge overruled the objection,

and held that the plaintiff was entitled to recover the amount of the judgment with interest, deducting the $50 paid in cash. Verdict accordingly.

*S.* Stevens, for defendant.

*A.* Taber, for plaintiff.

*By the Court*, BRONSON, J. The plaintiff cannot recover the full amount of the judgment, without giving some account of the bills. He should, at least, have produced and cancelled them on the trial, or shown what had become of them. For aught that appears, they may have been paid by the drawee, or be now outstanding, and the defendant liable as drawer to some third person to whom the bills may have been negotiated.

*The plaintiff insists that the *onus* lies on the defendant, and [ *347 ] that he must show the bills paid, before he can claim any deduction from the amount of the judgment. But I think otherwise. The drafts were all payable several years before the trial, and until they are accounted for, the reasonable presumption is, that they were either accepted and paid, or that the defendant has been discharged by the *laches* of the holder. Although, according to the terms of the receipt, the bills were not to operate in satisfaction until paid, it was the duty of the plaintiff to present them, and until he shows such a state of facts as would authorize a recovery on the bills themselves, he cannot recover on the original consideration for which they were given.

In *Jones* v. *Savage*, 6 *Wendell*, 658, the bill was given for goods purchased, and the holder having neglected to present and give notice, it was held that he could neither recover on the bill, nor on the count for goods sold. *Savage*, *C. J.* said, it may be that the holder of the bill, when it fell due, made it his own by omitting to demand payment and give notice. It may be that the defendant had funds in the hands of the drawee, with which it would have been paid if presented. He added, that it was not like the ordinary case of a note given for goods, which may be cancelled on the trial, and recovery had for the original consideration. It was said in this case that the bill was received in payment for the goods, but I do not see that this can alter the principle. Whether received as payment, or on an agreement to apply the money when collected, the duty of presenting the bill results from the nature of the security. It purports to be a transfer of funds which the drawer has in the hands of the drawee, and there is an implied undertaking on the part of the holder that he will take the proper steps to have those funds applied to the satisfaction of his debt.

It was admitted in *Tobey* v. *Barber*, 5 *Johns. R.* 68, that the note of a third person, received on account of a pre-existing debt, may operate as payment if the creditor parts with the note, or is guilty of *laches* in not present-

ing it for payment in due time. It was added, that the creditor [ *348 ] need *not sue upon the note—he may return it when dishonored, and resort to his original demand. In *Smith* v. *Wilson, Andrews,* 187, 228, the defendant, being indebted to the plaintiff for coals, endorsed and delivered to him a note against one *Jones,* and the plaintiff gave a receipt to apply the money when paid. Jones, the maker, continued business nearly two months after the note fell due, and then became a bankrupt; and the first question made by the counsel was, whether the plaintiff, by receiving the note and not applying for the money due thereon, had lost his original debt; and the court held that he had, and gave judgment for the defendant. In *Chamberlyn* v. *Delarive,* 2 *Wils.* 353, the defendant, being indebted to the plaintiff for work and labor, gave him a draft upon one *Heddy,* which the plaintiff held until after Heddy became insolvent, without demanding payment; and in an action upon the original debt, the jury found a verdict for the plaintiff, on the ground that the draft upon Heddy was not a negotiable bill of exchange. It was admitted by the counsel that the defendant would have been discharged if the instrument had been a bill of exchange; but the court granted a new trial, and held the defendant discharged whether the instrument was strictly a bill of exchange or not. They said that the plaintiff, by accepting the note or draft, undertook to be duly diligent in trying to get the money of Heddy, and to apprise the defendant, the drawer, if Heddy failed in payment. See also *Ward* v. *Evans,* 2 *Ld. Raym.* 928. In *Hebden* v. *Hartsink,* 4 *Esp. R.* 46, the defendants proved that they had given the plaintiff bills for a part of his debt, and claimed that the amount of the bills should be allowed as payment *pro tanto.* The plaintiff insisted that the defendants must show the bills paid: but *Lord Kenyon* said, where a party took bills in payment of a debt, he would presume the money was received, unless the contrary was shown. In *Kearslake* v. *Morgan,* 5 *T. R.* 553, the defendant pleaded that he had endorsed and delivered to the plaintiffs a note made by one Pierce, which the plaintiffs accepted and received *for and on account of their debt ;* and on demurrer it was objected that the plea neither alleged that the note was received in [ *349 ] satisfaction, nor that it *had been paid, or that the plaintiffs had been guilty of laches. But the court held the plea good. Mr. Chitty, *Chit. on Bills,* 97, *Phila.* 1826, refers to this case, and says, such a plea is good, and compels the plaintiff to reply that the bill or note has been dishonoured.

It is, I think, settled upon authority, that the plaintiff was bound to present the bills for payment and give notice if they were not paid, and that the burden lies on him of proving that due diligence has been used. The rule is right in principle. The defendant had a right to presume that the bills would be presented, and if he received no notice of their dishonor, he would naturally conclude that his funds in the hands of the drawee had been

applied in satisfaction of his debt to the plaintiff. And clearly it should lie on the plaintiff, who held the bills and whose duty it was to act upon them, to show what had been done.

If on another trial the plaintiff can make out due diligence, or such facts as will excuse the want of presentment and notice, and the bills are produced and cancelled, he may then recover the balance of his judgment, after deducting the $50 paid in cash. But if he fails to make out such a case, there must be a further deduction from the judgment equal to the amount of the bills at the time they became payable.

Should it turn out that the bills were accepted and paid, other questions may arise which need not now be considered.

New trial granted.