### SARAH W. COONLEY *vs.* DANIEL COONLEY.

A mortgage by a third person, received upon a pre-existing debt, is no extinguishment thereof, unless expressly agreed to be accepted in full discharge and satisfaction. (*a*)

Merely saying to the mortgagor, that "the principal is not wanted," is not giving time, and does not estop the plaintiff from denying that the mortgage was taken in satisfaction.

Merely omitting to call for or enforce payment when the mortgagor was able to pay, does not render the mortgage a satisfaction of the pre-existing debt.

Checks received on a precedent debt as *money*, must be presented in a reasonable time, or the person by whom taken thereby makes them his own. *Per* BEARDSLEY, J.

So when a note or bill, payable at a future time, is endorsed over by the debtor upon a precedent debt, he must be duly charged as indorser, or all liability on his part, not only on the note or bill itself, but also on the original debt on which the note or bill was received, is gone. *Per* BEARDSLEY, J.

ACTION OF DEBT on a decree of the surrogate's court for Albany county, tried in April, 1842, at the Albany circuit before Cushman, C. Judge. On trial the decree was given in evidence, by which it appeared that Daniel Coonley (the defendant) and Ambrose Wiltsie were the administrators of

---

(*a*) A bill of exchange or promissory note of a third person, given by the debtor to the creditor, is not payment of a previous debt, unless expressly so agreed. *Tobey* v. *Barker*, 5 Johns., 68; *Schermerhorn* v. *Loines*, 7 id., 311, and cases there collected; *Johnson* v. *Weed*, 9 id., 310; *Murray* v. *Governeur*, 2 Johns. Cas., 438; *Herring* v. *Sanger*, 3 id., 71; *Vancleef* v. *Therasson*, 3 Pick., 12; *Watkins* v. *Hill*, 8 id., 522, 3; *Thatcher* v. *Dinsmore*, 5 Mass., 299; *Maneely* v. *McGee*, 6 id., 143; *Greenwood* v. *Curtis*, 6 id., 358; *Goodenow* v. *Tyler*, 7 id., 36; *Johnson* v. *Johnson*, 11 id., 359; *Emerson* v. *Providence Hat Man. Co.*, 12 id., 237; *Hays* v. *Stone* and others, 7 Hill, 128; *Van Epps* v. *Dillaye*, 6 Barb., 244; *Vail* v. *Foster*, 4 Comst., 312. Nor is a non-negotiable order for the payment of money, which has not been paid or accepted by the drawee, payment of a precedent debt. *Hoar* v. *Clute*, 15 Johns., 224. Nor a check afterwards dishonored, unless expressly taken as payment. *The People* v. *Howell*, 4 Johns., 296; *Olcott* v. *Rathbone*, 5 Wend., 490. In *Vansteenburgh* v. *Hoffman*, 15 Barb., 28, it is said that in this state a negotiable promissory note is not prima facie payment of a pre-existing debt. "As has been already remarked, when and under what circumstances the taking of a note or check of a third person shall, in law, be deemed a payment of a pre-existing or cotemporaneous debt, has been a most fruitful subject of legal dis-

Coonley v. Coonley.

the estate of George Coonley, deceased, who was husband of the plaintiff, and that the sum of $2,942.97, was decreed to her. It further appeared that all advances made to the plaintiff prior to the date of the decree (February 11th, 1839,) by defendant and Wiltsie, were to be considered as so much advanced in part fulfillment of this decree, and that

cussion. The case of *Whitbeck* v. *Van Ness*, 11 Johns., 409, may be considered a leading one on this point. There it was expressly ruled, that if the vendor of goods receive from the purchaser the note of a third person, (such note not being forged, and there being no fraud or misrepresentation on the part of the purchaser,) such note will be deemed to have been accepted by the vendor, in payment and satisfaction, unless the contrary be expressly proved. In this case, Spencer, J., questions the soundness of the reasoning of the judge who delivered the opinion of the court in *Johnson* v. *Ward*, 9 Johns., 309, a case here relied upon by the plaintiffs. He says, that although he assented to that decision, and yet believed it to be correct, the reasoning of the judge who gave the opinion went further than he intended, and further than the court meant to go. Thus, it is laid down, that there must be a clear and special agreement that the vendor shall take the paper absolutely as payment, or it will be no payment, if it afterwards turns out to be of no value." Per curiam, in *White* v. *Howard*, 1 Sandf., 86, 7. When the sale and delivery of goods, and the acceptance by the seller of the promissory note of a third person as payment in full, are simultaneous acts, the presumption of law is that the payment was meant to be absolute and final. And the general rule, that that the acceptance by the creditor of a bill or note of a third person does not operate, unless by express agreement of the parties, as a satisfaction of a precedent debt, has no application to such a case. *Noel* v. *Murray*, 1 Duer, 385. When the sale and delivery of the goods are simultaneous, the legal inference is, that the acceptance of the note, as a final payment, was a part of the agreement and a condition of the purchase. And if a receipt then given by the seller for the note, expressing it to have been received as a payment in full, can be contradicted at all, it can only be so by proof of an express agreement that it should be held only as a collateral security. *Id.* In Massachusetts if a debtor give his negotiable promissory note to a creditor for a debt due on simple contract, a presumption is raised that it is in payment. *Butts* v. *Dean*, 2 Metc., 76 · *Ilsley* v. *Jewett*, ib., 168, 173; *Maneely* v. *McGee*, 6 Mass., 143; *Baker* v. *Briggs*, 8 Pick., 122; *Watkins* v. *Hill*, ib., 522: *Reed* v. *Upton*, 10 Pick., 522; *Jones* v. *Kennedy*, 11 id., 125; *Wood* v. *Bodwell*, 12 id. 268. But this presumption may be rebuted. Thus, it has been held in the state of New York that giving the debtor's promissory note for a book debt only suspends the right of action during the time allowed for payment of the note; that a receipt in full of all demands for such book debt does not preclude the plaintiff from showing the circumstances under which it was given; and that the note not having been paid, the plaintiff is entitled to recover the amount of his book debt, with interest from the time the note was payable. *Putnam* v. *Lewis*, 8 Johns., 389; see also *Cummings* v. *Hackley*, ib., 202, where the giving of a bond in discharge

40

Coonley v. Coonley.

on payment of the portion of the plaintiff the defendant was to take a full and general release of the said plaintiff.  Evidence was given by the defendant, reducing the amount of plaintiff's claim.  A receipt was given in evidence, signed by the plaintiff, which was as follows: "Received from

---

of the liability of defendants, as endorsers on notes drawn by plaintiffs, was held no discharge in an action of assumpsit for money paid for defendants. So, the giving a receipt for a note, as cash, may be explained. *Tobey* v. *Barber*, 5 Johns., 68. "Receipts are never so conclusive but that they may be explained," per Kent, J., in *Murray* v. *Gouverneur*, 2 Johns. Cas., 441. And parol proof of a mistake in the receipt may be given. *Ensign* v. *Walker*, 1 id , 146. In *Cole* v. *Sackett*, 1 Hill, 516, it is expressly decided that the promissory note of a debtor, or of one of two joint debtors, given on a precedent simple contract debt, will not operate as payment, though expressly taken in full satisfaction and discharge; and see the same principle affirmed in *Elwood* v. *Deifendorf*, 5 Barb., 398. ' But where after dissolution of partnership, one partner gave his own note for part, and the notes of third parties for the balance of a partnership debt, *held*, a discharge of the other partners, such notes having been taken in payment. *Waysell* v. *Luer*, 3 Den., 410.

Generally, the negotiable note of a third person, if taken expressly as payment, discharges the original debt. *Cole* v. *Sackett ; Graves* v. *Friend*, 5 Sandf., 568 ; though the note be for a less amount than the original debt; *Conkling* v. *King*, 10 Barb., 372; and though the original debt be a judgment; *New York State Bank* v. *Fletcher*, 5 Wend., 85. "I take the law to be that it is payment if expressly received as such, whatever be the grade of the pre-existing debt." *Id.*, per Marcy, J., delivering judgment. And when the debtor offered to deliver the creditor the note of a third party in payment for goods or to pay him the money at an early day, and the creditor thereupon took the note and credited it to the debtor, *held*, a payment and that the debtor was discharged. *St. John* v. *Purdy*, 1 Sandf., 9. So, where on the purchase of goods by defendant from plaintiff, the latter took a third party's check for the amount, and wrote the defendant that the account was paid, and afterwards sued him for the price of the goods, the check being dishonored; *held*, that under the circumstances, the check was payment and the defendant not liable. *White* v. *Howard*, 1 Sandf., 81. Whether a note be taken absolutely in payment, or not, is a question of fact for the jury. *Johnson* v. *Weed*, 9 Johns., 310; *Willard* v. *Germet*, 1 Sandf., 50. And where it was a material question on the trial whether the plaintiffs became the holders of the note sued on under such circumstances as to preclude the defence of the defendant, an accommodation endorser; and it was proved that the plaintiffs obtained it from the maker on an application for a security for a precedent debt of a larger amount which the maker owed them, and no agreement that it should operate as payment was shown, and the judge charged that it was a question for the jury whether it was received in payment and satisfaction or not; *held*, erroneous, there being no evidence to support a finding that it was received in payment. *Small* v. *Smith*, 1 Den., 583.

David Coonley and Ambrose Wiltsie, administrators of the estate of George Coonley, deceased, a mortgage against Stephen T. Thorn for nine hundred dollars, dated the third day of January, 1837, with three years interest paid on the bond, and in cash one hundred and sixty-seven dollars, twenty-six cents, this twenty-fourth day of March, one thousand eight hundred and forty." Another receipt was produced, dated February 26th, 1839, for $80, received of John Houghtaling for one year's rent of the farm of George Coonley, deceased, and signed by plaintiff. Both receipts were objected to by plaintiff's counsel as not proving any *payment* to the plaintiff by the defendant, but were admitted by the judge subject to exception. Thorn, the mortgagor, testified that he had paid $63 interest to plaintiff, for the year ending January 3d, 1841, when she told him that " the principal was not then wanted." At that time he could have paid the mortgage had plaintiff required it. Much evidence was received concerning the conversation of plaintiff and the defendant at the time of and in relation to the taking of said mortgage, but it is here omitted, its character appearing from the opinion.

At the close of the evidence the judge charged the law to be, that when a demand against a third person is received for a pre-existing debt, it is not in satisfaction of such debt unless it is agreed to take it in satisfaction and thereby discharge the original debtor. If then the Thorn mortgage was received by Mrs. Coonley in extinguishment of so much of her demand against defendant, there must be shown, in order to avoid the effect of her so receiving the mortgage, to have been actual fraud in Coonley, the defendant, by his representation of the facts which at the time he knew to be untrue; if he was deceived himself in the statements he made to the plaintiff, it would not vitiate her agreement with him to take it for her debt. Another point for the consideration of the jury was whether the plaintiff had not affirmed the contract, and assumed the mortgage as her own, by extending the time for the payment to Thorn; if she did, she is estopped from denying that she took the mortgage absolutely, and can not now return it to the defendant and

charge him with the amount of it. If she extended the time for payment, the loss must fall upon herself. To this the plaintiff's counsel excepted and requested the judge to charge, that the receipt of Thorn's mortgage by Mrs. Coonley was no extinguishment of the debt due on the decree; that the taking of another security of equal solemnity is not an extinguishment; that the taking of a mortgage of a third person, although it had been expressed to have been in full, would not have been an extinguishment; that the receipt given in evidence by its tenor and legal effect purported that the plaintiff only received the mortgage, to be applied if paid; that it was the duty of the defendant, if he wanted the mortgage collected, to have required her by notice to do so, as she had no assignment of the mortgage from the defendant or his co-administrator; that to charge the plaintiff with the amount of the Thorn mortgage, the law required the defendant to prove conclusively an express agreement by plaintiff to take it at her own risk. The counsel further requested the judge to charge, that if Mrs. Coonley did take the mortgage absolutely, and the jury believed she was induced to do so by representations of its value and security made by the defendant at the time she took it, which in fact were untrue although the defendant made such representations believing at the time they were true, yet she was not to be charged with the mortgage and the loss must fall on the defendant; that as the mortgage turned out to be a mere chattel mortgage on buildings to be removed from another person's land and was not shown to be recorded, as such it never was any security on real estate, as both plaintiff and defendant supposed when plaintiff took it, and therefore any contract respecting it was void; and that in any event, whether the plaintiff took the mortgage and extended the time for payment or not, she was not to be charged with any greater amount than the jury should be of opinion the buildings were worth when she received it. In relation to which request the judge further charged the jury, that unless the plaintiff expressly agreed to take the mortgage in satisfaction and discharge of the same amount of the surrogate's decree, it was no payment or satisfaction of the decree;

Coonley v. Coonley.

and that if she had expressly agreed to take the mortgage in payment and satisfaction of the decree, still it would be no payment and satisfaction if the defendant had been guilty of any fraudulent misrepresentation as to the goodness or security of the mortgage. But if the defendant had acted in good faith throughout the whole transaction, and the plaintiff, with all the knowledge that the defendant had in relation to the security, had agreed to take the mortgage instead of money in payment and satisfaction of so much of the decree, it must be deemed as a payment of its amount upon the decree. That a delivery of the bond and mortgage to plaintiff was a sufficient transfer of it to her without any assignment, and authorized her to collect it; that if at the time the plaintiff received the bond and mortgage in March, 1840, Thorn the mortgagor was good and able to pay it, and that she could have received the money by asking for it, or could have collected it with reasonable exertions for that purpose, for a year after she received it, and she had neglected to collect it until Thorn had ultimately failed and and become insolvent and unable to pay, she could not throw the loss upon the defendant; or if the plaintiff had agreed with Thorn to postpone the payment when she might, but for such agreement, have obtained from Thorn the full amount of the mortgage, and that in consequence of such agreement the payment had been postponed until the mortgagor had become insolvent, the plaintiff and not the defendant must suffer the loss. The plaintiff's counsel excepted. Verdict for defendant. Plaintiff moves for a new trial on a case made.

J. Van Buren, for plaintiff, insisted that no agreement was proved between the plaintiff and defendant, that the former should take the mortgage at her own risk in payment and satisfaction of the decree against defendant; and cited *Muldon* v. *Whitlock*, 1 Cow., 290; *Olcott* v. *Rathbone*, 5 Wend., 490; *Archer* v. *Zeh*, 5 Hill, 200; *Waydell* v. *Luer*, ib., 448; *Tobey* v. *Barber*, 5 Johns., 68; *Hoffman* v. *Hulbert*, 13 Wend., 375.

S. Stevens, for defendant, cited *Olcott* v. *Rathbone*; *Cham-*

*berlyn* v. *Delavire*, 2 Wils., 353 ; *Ward* v. *Evans*, 2 Ld. Raym., 928 ; *Dayton* v. *Trull*, 23 Wend., 345 ; *Jones* v. *Savage*, 6 id., 658 ; *Smith* v. *Wilson*, Andrew's R., 187, 228 ; *Hebden* v. *Hartsink*, 4 Esp., 48 ; *Kearslake* v. *Morgan*, 5 T. R., 513.

*By the Court*, BEARDSLEY, J.    The main question is which party shall bear the loss of Thorn's mortgage.

When the mortgage was transfered to the plaintiff, it had been due to the defendant about two years, and he had then been debtor to the plaintiff on the decree more than one year.    The defendant insists that the mortgage was received in satisfaction and discharge of the amount then remaining due on the decree, or, if not so received, that the subsequent acts or omissions of the plaintiff produced that result.    All this is controverted by the plaintiff.    That the mortgage money, had it been paid, would have extinguished the balance of the decree, not otherwise satisfied, admits of no doubt, and is not a point in contest between these parties.

The circuit judge charged that the mortgage, having been transfered to the plaintiff upon a pre-existing debt, was not to be deemed an extinguishment of such indebtedness, unless expressly agreed to be received in full satisfaction and discharge thereof.    This branch of the charge was unobjectionable.

But the learned judge also told the jury that there was another point for their consideration, which was, " whether the plaintiff had not affirmed the contract and assumed the mortgage as her own, by extending the time for payment to Thorn ;" and in that event she was " estopped from denying that she took the mortgage absolutely, and could not now return it to the defendant and charge him with the amount ;" that " if she extended the time of payment the loss must fall on herself."

I see no evidence whatever, in the case, of an agreement by the plaintiff to extend the time for payment of this mortgage ; all she said was, that she did not want the principal. But this was not giving time ; indeed, it amounted to nothing.    Time is not extended by simply omitting to sue ; something positive is necessary.    Something obligatory on

the creditor; his hands must be tied so that he can not sue if he would. The right of action must be suspended or barred. (*Orme* v. *Young*, 1 Holt's N. P. R., 84.) We need not inquire how far a right to prosecute an action on the decree or judgment of a surrogate can be suspended by a parol engagement, for here was no evidence of an agreement of any description. In this instruction, I think the judge erred, and that a new trial should be ordered.

This would dispose of the case but that there are other points in the charge which it is proper briefly to notice.

The judge instructed the jury that if Thorn, the mortgagor, was able to pay the mortgage when it was received by the plaintiff, and if she could have had the money by asking for it, or could have collected it by reasonable exertions, and had neglected to do so, until Thorn became insolvent and unable to pay, she could not afterwards throw the loss upon the defendant.

This instruction assumes that the mortgage was not originally agreed to be received in satisfaction of the balance of the decree, but that such became its effect by the plaintiff's omission to call for and enforce payment while Thorn was solvent and able to pay.

The mortgage was overdue when the plaintiff received it. This was in March, 1840, and Thorn failed in July, 1841, having paid interest to the plaintiff to the third of January in that year.

I believe no case can be found, and we certainly were furnished with none on the argument, which countenances the idea that the mere omission to enforce payment of such a demand as this, for the period which here occurred, although incolvency takes place during the delay and the debt is thereby lost, is any defence to the original debtor of whom the demand was received. Here was no express agreement by the plaintiff to prosecute the mortgage, and one can not be implied. Nor was the plaintiff, even if that could affect the question, requested to proceed and collect the demand. She simply forbore to sue or press for payment, and in doing so violated no obligation of law or duty, towards the defendant or any one else. Delay to sue, until a demand is

canceled by lapse of time, might present a different question; but the delay which occurred in this instance did not, in my opinion, in the slightest degree change the rights or liabilities of these parties.

Where checks, or bankers' cash notes, substantially the same thing, for both are payable on demand (1 Chit. on Bills, 521, 10th Amer. ed.), are received on a precedent debt, *as money*, they must be presented within a reasonable time, or the person, by whom they were received, thereby makes them his own. The case of *Ward* v. *Evans*, 2 Ld. Raym., 928, cited on the argument, was of this description, as also is *Olcott* v. *Rathbone*, 5 Wend., 490.

So, where a bill or note, payable at a future time, is taken on a pre-existing debt, the person of whom it is received, being holden thereon as drawer or endorser, and so, by law, requiring notice of non-acceptance or non-payment, to charge him absolutely, the law implies an undertaking to make demand and give due notice, and an omission to do so discharges the person by whom the bill or note was so turned out, not only from all liability on the instrument but from the original debt on which it was received. Several cases of this description were refered to on the argument. (*Chamberlyn* v. *Delavire*, 2 Wils., 353; *Smith* v. *Wilson*, Andrews, 187, 228; *Kearslake* v. *Morgan*, 5 T. R., 313; *Dayton* v. *Trull*, 23 Wend., 345; *Hebden* v. *Hartsink*, 4 Esp., 48.) The last two cases were rather determined on a principle of evidence, than on any thing else; they hold, and certainly correctly, that where bills or drafts have been received by a creditor upon a debt due to him, and the time for payment has passed, it will be presumed they were paid until some account of them is given. (See, as to bills or notes when taken for debts, Chit. on Cont., 766, 5th Amer. ed.)

None of the cases cited are in conflict with what has been stated. In *Jones* v. *Savage*, 6 Wend., 658, a bill of exchange was given by the purchaser *on the purchase of goods*, and it was held that the seller could not recover for goods sold, without showing that the purchaser had been duly charged on the bill.

In the present case there was a precedent debt; but no

bill or note, drawn or indorsed by the defendant, and payable at a future time, was received. An over due mortgage was transfered to the plaintiff, in effect, as collateral security for what the defendant owed to her, and that was all. She was not bound to sue, and has lost no right by omitting to do so, nor has that omission extinguished the indebtedness of the defendant, or impaired his obligation to make payment.

The case is so drawn that I can not undertake to say what was decided about the Houghtaling receipt for eighty dollars. It may have been evidence for the jury, more or less cogent, to charge the plaintiff with the amount, and this is, perhaps, all which the judge intended to decide. It probably will be fully explained on another trial.

New trial granted.