HENRY RAUGHT v. JOHN BLACK & Co.

(No. 6,579.)

1. When the holder of a note gives time to the maker, and an indorser afterward promises to pay the note, in an action against the indorser, the defense of a discharge, by giving time, being relied on, it is not necessary that the holder should show affirmatively and clearly that the promise was made with a full knowledge of all the facts. Knowledge may be inferred, as a fact, from the promise, under the attending circumstances, without requiring a clear and affirmative proof of knowledge.

2. It is not true, as a general proposition, that if time be given by the holder of a note to the maker, only for a period equal to that sufficient to obtain a judgment, an indorser or surety is not discharged. Such a rule has only been applied in such cases where the time given was after an action had been commenced on the note. It has reference to an arrange-

ment in the ordinary course of practice and proceeding in an action, by which judgment is rather expedited than delayed. It does not apply where the time is given by the contract before any action has been commenced.

GENERAL TERM.—Proceeding in error to reverse a judgment at special term rendered against Raught.

The action was brought by indorsees against the indorser of a promissory note. The defense was a discharge, by the giving of time to the maker. To meet this defense, a waiver or a promise to pay, after being informed of the fact of the time being given, was relied upon. The contract of indorsement was made in Pennsylvania, but the note was made in Ohio. The indorsees came to Cincinnati, and agreed with the maker that if he would confess a judgment in the court of common pleas, they would enter a stay of execution for four months. This agreement was carried into effect. It was claimed by the indorsees, that the indorser, being afterward informed of what had been done, expressly sanctioned it, and promised to pay the debt. This was denied by the indorser, but, at any rate, it was claimed that he was ignorant that, by the course and practice of the courts in Cincinnati, a judgment could have been obtained in less than four months. Upon the case being submitted to a jury, a verdict was found for the amount of the note and interest. A motion for a new trial was made and overruled, and a judgment entered on the verdict. To reverse this judgment upon errors, which, it is alleged, are shown in two bills of exceptions, one taken during the trial, and one upon the overruling the motion, this petition in error has been filed.

*Ketchum & Headington* for plaintiff in error.

*J. G. Douglass & W. B. Caldwell* for defendant in error.

GHOLSON, J., delivered the opinion of the court.

So far as the motion for a new trial turned upon the ques-

tion of the weight of evidence, we are clearly of opinion that no case is shown which will authorize us to interfere with the discretion exercised by the judge at special term. If the witnesses, whose testimony sustains the finding of the jury, were credited, there is enough in that testimony to establish what the judge, in his charge, regarded as sufficient. We think the evidence shows with sufficient clearness that the indorser, after being informed of what steps the indorsees had taken in reference to giving time to the maker, promised to pay the debt.

We are not prepared to assent to the proposition on which the counsel for plaintiff in error relies, as to the proof by which the promise must be established, to-wit: That "the plaintiff (in the action) must show affirmatively and clearly that it (the promise) was made with a full knowledge of all the facts." For this proposition the counsel cites *Trimble* v. *Thorne*, 16 Johns. 152; *Jones* v. *Savage*, 6 Wend. 658; *Sice* v. *Cunningham*, 1 Cowen, 397. But we think these cases, upon this point should be regarded as overruled by the later case of *Tebbetts* v. *Dowd*, 23 Wend. 379, in which all the decisions upon the subject were cited and examined by Cowen, J., in an exhaustive opinion. We think that at least what he calls the middle ground, which is that taken by Chancellor Kent, would be more correct than the extreme position in *Trimble* v. *Thorne*, to-wit: That "knowledge may be inferred, as a fact, from the promise under the attending circumstances, without requiring clear and affirmative proof of knowledge." Id. 385.

In this case the important fact to be known, and the one which the promise must be supposed to have waived, was that time had been given by a contract between the holder of the note and the maker. This fact was clearly communicated and fully known when the promise was made. The fact being known, as a general rule its legal consequence need not be shown to have been also known to the party making the promise. 23 Wend. 386, and cases cited. But it is claimed where a contract of indorsement is made in one

State, and a contract by which time is given is made in another, it is not enough that the fact that time was given be known, but it must also appear that the party promising was acquainted with the course of judicial proceedings in the courts of the State, so that he may determine whether the time was longer than would have sufficed for the recovery of a judgment.

We think that the counsel for the plaintiff in error has probably misunderstood the authorities on which he relies, for the proposition that if time be given only for a period equal to that sufficient to obtain a judgment, a surety is not discharged. As we understand the cases, they refer to arrangements made after an action has been brought, and during its progress, by which the obtaining judgment is rather expedited than delayed, and do not affect contracts for the giving of time before any proceeding has been commenced. In this case the contract to give time preceded any proceeding in court. The agreement was, that in consideration of obtaining a warrant of attorney to confess a judgment, time would be given for four months.

The consideration for the agreement to give time was the obtaining a security in the form of a warrant of attorney. If the consideration had been a pledge of personal property, with a right to sell at the end of thirty days, and the agreement was to give time for that period, certainly its effect would not have been controlled by the course of the court in obtaining a judgment. And yet the proposition, as broadly claimed by counsel, would cover such a case.

Independently, however, of this consideration, there would be difficulty in going into an inquiry as to the course and practice of courts in obtaining judgments. There are courts of concurrent jurisdiction—of which then is the course and practice to be selected, as a test of the time to be given? Take this very case for example, the indorser and indorsees both residing in Pennsylvania, the action on the note might have been brought in the United States courts, the course and practice of which, it is well known, differ from the State

Henry Raught *v.* John Black & Co.

courts. And is not some regard to be had to extraordinary remedies, such as an attachment? A surety might be very severely injured by being deprived of these, and the right to them is allowed by our law, even during the pending of an action.

In our opinion the judge was right in charging the jury that the contract to give time discharged the surety, independent of the question as to the time of obtaining a judgment in the courts of Cincinnati, and then any inquiry into the facts or the law, as to the course or practice of those courts, became immaterial. It was of no importance whether it was known to the parties or not, and a promise made in ignorance of it was none the less valid and binding.

The whole argument of the counsel for the plaintiff in error, is based on the assumption that the course of the courts, as to the time of obtaining a judgment, is to be regarded for the purposes of this case as a question of fact, and, that it was a fact material for the plaintiff in error to know, in order to make his promise binding. Differing, as we do, from the counsel, as to the materiality of that matter, whether regarded as fact or law, we need not inquire as to the rules governing cases of ignorance of the facts, or whether the means of knowledge would suffice. But we incline to think that in any event, such a case as this might well come under the second class of cases, stated in *Kelly* v. *Solari*, 9 M. & W. 54, 55, in which a party, although he might, by investigation, learn the state of facts more accurately, declines to do so. When a party is distinctly informed that time has been given for a certain period, and for a certain consideration, if he really has been injured, or would be likely to be injured, he would be apt to know it. If sensible of no injury, and feeling his obligation to pay, as the party in this case no doubt did, he makes an express promise to pay, it might be fairly inferred that he declined any investigation into the state of facts.

We think, both on the points of law and evidence, the judgment in this case should be affirmed.

Judgment affirmed.