ARAM BINGHAM *v.* TOWN OF SPRINGFIELD.

*Soldier's Bounty. Desertion. Town Order.*

Deserting the service by a soldier before the end of the term of his enlistment, is not such a failure of consideration as forfeits or defeats his right of action upon a town order for bounty, payable on demand, given him by the selectmen of the town to the credit of which he enlisted, at the time of enlistment, in pursuance of a vote of the town.

The consideration of the contract between the soldier and the town, was not that the plaintiff should perform three years' service as a soldier in the United States army, but that he should *enter into a contract with the United States* to perform that service, and be mustered in under that contract to the credit of the town.

If the town could on equitable grounds set up the defense of desertion at all, as the desertion is not a breach of the contract with the town, the town could avail itself of it only to the extent of the failure to perform the service; so that the plea in this case, which was to the whole declaration, was, in any view, bad.

The statute of 1864 (p. 26, § 3) does not aid the defendant town, as that can not be construed as intending to cut off a right of action already perfect when the act was passed, even if the legislature had power to do so.

The replication in setting out the votes in pursuance of which the order was drawn, which were not set out in the declaration, *held* to be no departure from the declaration on this account.

The replication *held* not obnoxious to the objection of duplicity on account of its setting forth the votes entitling the plaintiff to the bounty, and also alleging an assignment of the order for a valuable consideration, and that the suit is prosecuted for the benefit of the assignee.

ASSUMPSIT upon a town order for $300, as per declaration stated below. Pleas, the general issue and a special plea in bar. Replication to the special plea in bar, and demurrer to the replication, as per plea, replication and demurrer, stated below.

The court, at the May term, 1867, BARRETT, J., presiding, *pro forma* decided the replication insufficient and rendered judgment for the defendants, to which the plaintiff excepted.

The declaration is as follows:

"In a plea of the case, for that the selectmen of said town of Springfield, on the 16th day of January, 1864, drew their order on the treasurer of said town in the words and figures following, that is to say:

' TO THE TOWN TREASURER.

Pay to Aram Bingham the sum of three hundred dollars, and interest, it being for part of bounty due him from the town as a volunteer under late draft of President.

Springfield, Jan. 16, 1864.

$300.     BEZER F. WOOD,     } Selectmen.'
          BENJAMIN PARKER,

And the plaintiff afterward on the same day. presented said order to said treasurer for acceptance, who duly accepted the same by indorsing on said order the words and figures following, that is to say: 'Accepted. Jan. 16, 1864. GEO. W. PORTER, Town Treasurer.' Whereby said town became liable, and in consideration thereof promised the plaintiff, to pay him the same sum on demand; and the plaintiff avers that afterward, on the 23d day of February, 1866, he demanded payment of said order of said town treasurer, which demand said treasurer refused to comply with."

Also, the general counts for work and labor, etc.

The special plea of the defendants is as follows:

"And for further plea in this behalf the defendants say that the plaintiff ought to be barred from having and maintaining his aforesaid action thereof against them, because they say that the several supposed promises mentioned in the plaintiff's declaration (if any such were ever made), were made upon the consideration that the plaintiff would enlist into the military service of the United States for the term of three years from the 2d day of January, 1864, or during the war for the suppression of the rebellion (unless sooner lawfully discharged), as a volunteer from the state of Vermont, to the credit of said town of Springfield toward the quota of men said town were by law required to furnish, for which said town offered to pay the plaintiff the sum of five hundred dollars, and did pay him two hundred dollars, part and parcel thereof; and the plaintiff did so enlist, at Springfield aforesaid, on the 21st day of December, 1863, and was mustered into the service of the United States on

the 2d day of January, 1864, and thereby faithfully promised said town of Springfield to serve as aforesaid, unless sooner lawfully discharged; and the selectmen of said Springfield drew the order described in the plaintiff's declaration, for the balance of the five hundred dollars offered as aforesaid, and upon the consideration of the plaintiff's promise as aforesaid, and upon no other consideration whatsoever; yet the plaintiff, not regarding his said promise and undertaking, did not serve according to the terms of his said enlistment, but, on the contrary thereof, within three years from the time of his said enlistment and before the close of the war, to wit, on the second day of August, 1865, willfully deserted said service, and never afterward returned thereto, whereby the consideration for said order wholly failed, the nation were unlawfully deprived of his services, the town of Springfield greatly scandalized, and an evil example furnished to others. And this the said town of Springfield are ready to verify."

The replication to the special plea is as follows:

"And as to the plea in bar, by said town of Springfield secondly above pleaded, said Aram Bingham says that he, by reason of anything by said town in that plea above alleged, ought not to be barred from having and maintaining his aforesaid action thereof against said town, because he says that said town of Springfield, at a meeting legally warned, and holden on the 25th day of November, 1863, passed a vote in the words and figures following, that is to say: ' Voted to pay a bounty of three hundred dollars to such volunteers as shall enlist and be mustered in under the last call of the President, if they shall enlist before the first day of January next,' and because he says that said town of Springfield, at a meeting legally warned, and holden on the 22d day of December, 1863, passed a vote in the words and figures following, that is to say: ' Voted to pay those persons who have enlisted or shall enlist to fill up the quota of this town under the last call of the President of the United States, when accepted and mustered into service, not exceeding twenty-nine men in the whole, an additional bounty of two hundred dollars to the bounty of three hundred dollars heretofore voted by the town.'

" And the plaintiff further says that on the 21st day of December, 1863, he enlisted, at said Springfield, to fill up the quota of said town under the then last call of the President of the United States, and was accepted and mustered into service on the 2d day of January, 1864.

" And the plaintiff further says that, prior to the 16th day of January, 1864, said town of Springfield had paid him the sum of

two hundred dollars, a part of said bounty of five hundred dollars, and on said 16th day of January said town, by their selectmen, drew the order for three hundred dollars set forth in his said declaration, on the town treasurer of said Springfield, for the balance of said bounty of five hundred dollars, which said order was on the same day presented to said town treasurer, George W. Porter, who accepted the same by writing across the face of said order the words and figures following, that is to say: 'Accepted. Jan. 16, 1864. GEO. W. PORTER, Town Treasurer.'

"And the plaintiff further avers that on said 16th day of January, 1864, he accepted said order from said town, in full satisfaction and discharge of his claim for the balance of said bounty, and executed a receipt in full to said town, in discharge of his claim; and that afterward, to wit, on or about the 1st day of January, 1866, the plaintiff sold and delivered said order to one Nathaniel Fullerton, of Chester in said county, for the sum of three hundred and nineteen dollars or thereabouts, representing to said Fullerton that said order was justly due, and that there could be no defense to it.

"And the plaintiff further avers that this suit is prosecuted by said Nathaniel Fullerton for his own benefit, and that said Aram Bingham has no other interest in this suit, than being simply nominal plaintiff of record."

To the replication the defendants filed a general demurrer; also the following special demurrer:

"And the defendants, according to the form of the statute in such case made and provided, state and show to the court here the following causes of demurrer to said replication, that is to say: for that the plaintiff has not in his replication taken or tendered any material issue out of or upon the plea of the defendants, by them secondly above pleaded, but has made a new assignment of his cause of action, which was wholly unnecessary, as he has not in his replication alleged that his suit is for any other cause of action than that mentioned in the defendants' said plea.

"And also for that the defendants, by their said plea lastly above pleaded, allege a total failure of consideration of the plaintiff's cause of action, alleging that it was founded upon the consideration of the enlistment of the plaintiff into the military service of the United States for three years, or during the war, and that the plaintiff willfully deserted before the expiration of his term of service; and the plaintiff in his replication does not admit, nor deny, nor in any manner put in issue the facts so

stated, and does not allege any new fact or facts tending to affect the validity of said plea.

" And also for that said replication is double and confused, putting in issue two several and distinct matters, namely: the votes of the town of Springfield to pay bounties, and the plaintiff's enlistment under them, and the assignment of the demand to a third person, and the representations of the plaintiff thereon ; and the fact that the plaintiff is not the plaintiff, and has no interest whatever in the suit ; whereas the only material issue tendered by the defendants in their said second plea, is the failure of consideration of the plaintiff's claim, by his willful desertion from the military service of the United States, which is the gist and foundation of the defense of the defendants in that respect, inasmuch as that alone would make the plaintiff's order declared on, void in law.

" And also for that said replication is otherwise uncertain, informal, and insufficient."

*L. Adams,* for the plaintiff, maintained that the declaration is good in substance and form, and that the special plea is bad in substance and no answer to the declaration. The order given for the bounty, is to be treated precisely as a promissory note ; and the claim for the bounty is merged in the order, and the remedy is upon the order solely. *Dalrymple* v. *Town of Whitingham,* 26 Vt., 345. But if the action be for the bounty without regard to the order, the plea sets forth no valid defense. The plaintiff's contract was with the government, and when he entered into that contract, he did all that the town required of him ; and the town had derived all the benefit of his credit on their quota, and if he deserted, it in no way affected the town. He incurred the government penalty only, which was death. The legal effect of the contract with the town, was not to serve three years. The bounty was payable immediately upon being mustered into service, and did not depend upon a promise to serve. And if there were such a promise and a breach of it, the plaintiff is liable in damages, which might be the subject of a plea in offset, but not a full defense to the order. *Chapman* v. *Eddy,* 13 Vt., 205.

The replication is not a departure from the declaration, and sets forth no new cause of action.

For the purposes of this action, it is confessed, as it is not denied. 1 Chitty's Pl., 658, 536, 645, 650. The declaration being demurred to, all the facts well pleaded in the declaration, plea and replication, are admitted; so that the court will render such judgment as, upon the whole record, appears to be the proper one. 1 Chitty's Pl., 707; *Pro. Ct. v. Van Duzer*, 13 Vt., 135. The order having been purchased in good faith by Fullerton without notice, he can not be defeated in the action by the defense set up. 13 Vt., 205.

*Wm. M. Pingry*, for the defendants.

The defendants' plea shows a total failure of consideration. The plaintiff enlisted for three years and deserted. The consideration for the bounty failed on his desertion. *Jeffries v. Austin*, Strange, 647; Chitty on Bills, 87, note; Vt. Laws, 1864.

The plaintiff does not deny the truth of the defendants' plea, but alleges certain votes of the town entitling him to a bounty. If the plaintiff enlisted under a different contract with the selectmen, he can not claim under the vote of the town. If the selectmen saw fit to be more explicit in their contract than the vote of the town, the plaintiff would be bound by the contract he made with the selectmen. It has been practiced where a bounty is claimed on a town vote, for the claimant to prove that he has fulfilled the terms of his enlistment, and show affirmatively that he has been lawfully discharged.

It would be against good policy, to allow a deserter to recover a bounty. Suppose the town had voted, or the selectmen had contracted, that desertion should not defeat the bounty. Would the court enforce such a contract? Chitty on Con., 672; 34 Vt., 274; 39 Vt., 441.

The plaintiff in his replication not only avoids the issue tendered by the plea, but sets up two answers to it, namely: that the town passed certain votes entitling him to a bounty, and that the plaintiff had sold his claim to a third person and had no interest in it. These claims would require a double rejoinder.

The opinion of the court was delivered by

PECK, J. The question arises upon special demurrer to the replication.

The declaration counts specially upon a town order for $300 dated January 16, 1864, drawn by the selectmen on the treasurer of the town, and by him accepted. No question is made as to the sufficiency of the declaration.

The plea alleges that the promises mentioned in the declaration, were made upon consideration that the plaintiff would enlist into the military service of the United States for the term of three years from the 2d day of January, 1864, or during the war for the suppression of the rebellion (unless sooner lawfully discharged), as a volunteer from this state to the credit of the defendant town on its quota, for which the town promised to pay the plaintiff $500, of which the defendant town has paid $200 ; and that the plaintiff did so enlist on the 21st day of December, 1863, and was mustered into service January 2, 1864. Thus far the plea shows that the plaintiff has performed all which is alleged as the consideration of the defendants' promise. The plea is, therefore, bad, unless it is helped out by the subsequent averments. Immediately after the allegation that the plaintiff enlisted and was mustered in, the plea avers that the plaintiff *thereby* promised the town to serve as aforesaid, unless sooner discharged, and that the selectmen drew the order for the balance of the $500 upon the consideration of the plaintiff's promise as aforesaid, and that before the plaintiff's term of service expired, and before the close of the war, he willfully deserted the service, to wit, August 2, 1865, and never afterward returned thereto, whereby the consideration of the order wholly failed. These allegations add no new fact to what was previously alleged, so far as the contract and consideration are concerned. It is only an attempt to draw a legal conclusion from what was previously alleged, and still leaves the plea in this respect to stand, so far as the facts are concerned, upon the previous allegations of the agreement of the plaintiff to enlist and be mustered in, and the fact that he did so enlist and was so mustered in. The question, then, is whether, by legal construction, the contract to enlist for three years and be mustered in,

is a contract *with the town* to perform the entire service, and whether deserting the service before the end of the term, is such failure of consideration as forfeits or defeats his right of action. The contract of enlistment and the being mustered into service, is certainly not in terms a contract with the town. It is a contract between the soldier and the United States. The consideration of the contract between the plaintiff and the town, was not that the plaintiff should perform three years' service as a soldier in the United States army, but that he should *enter into a contract with the United States* to perform that service, and be mustered in, under that contract, to the credit of the town. The detriment to the plaintiff, if any, in performing his part of such contract with the town, is that by enlisting he binds himself, by a contract with the United States, to perform the service, and to endure the hardships and incur the perils of the service for the term of his enlistment. The benefit the town is to receive, is to have the plaintiff applied on the quota of the town, and thus to be relieved so far from the obligation of the town to furnish men under the call. This obligation of the plaintiff to the United States was fully assumed, and this benefit to the town was fully accomplished, when the plaintiff was mustered into service. It is said the town has an interest in the full performance of the three years' service, because the desertion of soldiers may lead to the necessity of a call for more men, under which call the town may have to bear its proportion. But the town has no more interest in having the plaintiff serve his full time, than it has in any soldier who enlisted to the credit of any other town or to the credit of any other state, performing his full term of service. It is only an interest common to the people of the whole country. The breach of the plaintiff's contract with the United States, by desertion, is no more detriment to the town than the desertion of any other soldier in the United States army. We think, as the plaintiff performed his contract with the town, the town can not avail itself of a breach of the contract with the United States, to defeat the plaintiff's right of action. That is a matter between the plaintiff and the United States. For the breach of that contract the plaintiff must answer to the United States government. The government may inflict

such pains and penalties as it sees fit, for such breach, and it rests entirely with the government, to inflict, or remit and pardon such offenses. We can not say that, in addition to answering to the United States for such offenses, the plaintiff shall forfeit all benefit under his contract with the town, which he has fully performed. But if the town could on equitable grounds set up such defense at all, as the desertion is not a breach of the contract with the town, the town could avail itself of it only to the extent of the failure to perform the service. So that, in any view, the plea is bad ; for, being pleaded to the whole declaration, it must be a complete answer to the whole action, or it is a bad plea. The performance of the entire service can not have been intended as a condition precedent to the right of action, as the order is payable on demand. The statute of 1864 (p. 26, § 3) does not aid the defendants, as that can not be construed as intending to cut off a right of action already perfect when the act was passed, even if the legislature had power to do so. The plea being bad, this is sufficient to reverse the judgment and warrant judgment for the plaintiff.

But it may not be improper to dispose of some of the questions made upon the replication. It is insisted, that the replication, which sets out the votes of the town to pay a bounty to soldiers, in pursuance of which the order was given, is a departure from the declaration. But the votes are not set forth as a new cause of action, but to fortify the declaration against the attack made upon it by the plea, by showing that the order was drawn in pursuance of the votes. It is insisted, that the plea sets up a different contract from that indicated by the votes, that is, an agreement with the town to perform the three years' service in consideration of the bounty, and that the plaintiff ought to have traversed the plea, and not replied a different agreement from that set out in the plea.

But it has already been said, that the facts set forth in the plea, do not amount to an agreement *with the town* to perform the three years' service. The replication is not a departure from the declaration. The plaintiff had a right to admit the facts set forth in the plea and reply new matter. It is claimed that the replica-

tion is double, as it sets forth the votes entitling the plaintiff to the bounty, and also alleges an assignment of the order for a valuable consideration, and that the suit is prosecuted for the benefit of the assignee. As this order is not negotiable, probably the assignee takes it subject to the defenses that the defendants rely on in the plea, and is in no better condition than the payee. The rule of pleading is, as the defendants claim, that two distinct answers can not be set forth in one replication. But a series of propositions, all necessary to constitute an answer to avoid a plea, may be so set forth. It is a rule, that in pleading surplusage does not vitiate. It is sometimes difficult to distinguish between duplicity and surplusage. In such cases, whether pleading is obnoxious to the objection of duplicity, depends much on the construction of the pleadings and the obvious purpose for which the allegations are inserted. If the defendants' plea were held to be a good defense as against the nominal plaintiff, if he still owned the order, and not good as against the *bona fide* assignee, then the replication clearly would not be double. As we hold the plea not good as against the original payee, the allegation of the assignment may be treated as surplusage.

In the view already taken of the plea and the replication, it is unnecessary to decide whether the allegation in the replication that the order was delivered and accepted in full payment and satisfaction of the bounty, and a receipt executed to that effect, would be an answer to the defense set up in the plea, if that defense would otherwise prevail.

Judgment reversed, and judgment that the replication is sufficient, and judgment for the plaintiff for the amount of the order and interest.