ROBERT W. ROGERS *v.* TOWN OF SHELBURNE.

*Soldier's Bounty. Substitute. Desertion. Towns. Town Order.*

The desertion of a substitute is not a bar to an action for bounty in favor of the person furnishing the substitute. (41 Vt., 32.)

The question as to a party's right to recover a bounty, who had furnished a substitute, under a vote of the town "to pay each person liable to draft who has furnished a substitute," etc., "six hundred dollars," was decided in favor of the plaintiff in *Hickok* v. *Shelburne,* 41 Vt., 409.

The plaintiff took a town order of $300, without prejudice to his full claim, which the town treasurer refused to pay. The order was not produced on trial, nor accounted for. There was nothing in the case to show that the order was negotiable. *Held,* that the plaintiff is not required to treat the order as payment of any part of his original claim.

ASSUMPSIT * to recover a town bounty of $600. Plea, the general issue. Trial by jury, September term, 1869, PIERPOINT, C. J., presiding.

* It did not appear in the papers furnished the Reporter whether the declaration was in the common or in special counts.

It appeared by certificates of the assistant adjutant-general of the state, which were admitted in evidence under objection, that the plaintiff furnished a substitute, one John Rules, who was duly enlisted and mustered into the service of the United States on the 10th day of August, 1864, and was credited to the town of Shelburne, and applied in the reduction of the quota of said town under the call of the President of the United States, dated July 18, 1864, for five hundred thousand volunteers to serve in the army of the United States, and that said substitute deserted the service while *en route* to his regiment. The plaintiff claimed to recover under the vote of said town passed August 6, 1864, in a legal town meeting of said town, the proceedings of which with the warning for said meeting, and also of the town meeting of July 25, 1864, are set forth in the case of *Hickok* v. *Shelburne*, 41 Vt., 409. It further appeared that the plaintiff took a town order on said town for $300 soon after said substitute enlisted, but without prejudice to his claim for the balance of the $600, which he claimed; and that neither that nor any part of the $600 had ever been paid the plaintiff, and the town treasurer had refused to pay it. This order was not produced on the trial nor accounted for, nor was it shown to have been returned.

The defendants claimed that the plaintiff was not entitled to recover. The court ruled *pro forma* that the plaintiff was entitled to recover, and directed a verdict for the plaintiff for $780, being the amount of the $600 and interest, to which decision the defendants excepted.

*E. J. Phelps*, for the defendants.

*E. R. Hard*, and *Leverett B. Englesby*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J. By the provisions of the statute of 1864, the desertion of the plaintiff's substitute is not a bar to the action. This question was very fully considered in the case of *Bingham* v. *Springfield*, 41 Vt., 32, and the court say in that case that the statute, above referred to, can not be construed as intending to

cut off a right of action already perfect when the statute was passed, even if the legislature had power to do so. The case of *Hickok* v. *Shelburne*, 41 Vt., 409, is decisive of the other points made in this case. Upon the authority of those cases we think the plaintiff is entitled to recover the $600 and interest.

In view of the circumstances under which the plaintiff received the town order, and the refusal of the treasurer to accept it, the plaintiff should not be required to treat the order as payment of any part of the original claim in the suit. There is no evidence in the case tending to show that the order is negotiable, and we think a recovery in this suit for the whole bounty will be a bar to any action upon the order, and thus protect the defendant town from further liability.

The judgment of the county court is affirmed.