The CHIEF JUSTICE
delivered the opinion of the court.
The principles which determined the case of Bronson v. Rodes,* will govern our judgment in this case.
The obvious intent of the contract now before us was to secure payment of a certain rent in gold and silver, and thereby avoid the fluctuations to which the currency of the country, in the days which preceded and followed the establishment of our independence, had been subject, and also all future fluctuations incident to arbitrary or uncertain measures of value, whether introduced by law or by usage.
It was agreed in the court, below that the rent-due upon the lease, reduced to current gold and silver coin, was, on the first day of January, 1866, forty dollars; and judgment *260 was rendered on the 27th June, 1866, for fifty-nine dollars a id seventy-one cents.
This judgment was rendered as the legal result of two propositions: (1.) That the covenant in the lease required the delivery of a certain amount of gold and silver in payment of rent; and (2.) That damages for non-performance must be assessed in the legal tender currency.
The first of these propositions is, in our judgment, correct; the second is, we think, erroneous.
It is not necessary to go at length into the grounds of this conclusion. "We will only state briefly the general propositions on which it rests; some of which have been alread5r stated more fully in Bronson v. Rodes.
A contract to pay a certain sum in gold and silver coin is, in substance and legal effect, a contract to deliver a certain weight of gold and silver of a certain fineness, to be ascertained by count. Damages for non-performance of such a contract may be recovered at law as for non-performance of a contract to deliver bullion or other commodity. .But whether the contract be for the delivery or payment of coin or bullion, or other property, damages for non-performance must be assessed iu lawful money; that is to say, in money declared to be legal tender in payment, by a law made in pursuance of the Constitution of the United States.
It was not necessary in the case of Bronson v. Rodes, nor is it necessary now, to decide the question, whether the acts making United States notes legal tender are warranted by the Constitution ? We express no opinion on that point; but assume, for the present, the constitutionality of those acts. Proceeding upou this assumption, we find two descriptions of lawful money in use under acts of Congress, in either of which damages for non-performance of contracts, whether made before or since the passage of the currency acts, may be properly assessed, in the absence of any different understanding or agreement between parties. But the obvious intent, in contracts for payment or delivery of coin or bullion, to provide against fluctuations in "the medium of payment, warrants the inference that it was the understanding *261 of the parties that such contracts should be satisfied, whether before or after judgment, only by tender of coin, while the absence of any express stipulation, as to description, in contracts for payment in money generally, warrants the opposite inference of an understanding between parties that such contracts may be satisfied, before or after judgment, by the tender of any lawful money.
This inference as to contracts made previous to the passage of the acts making United States notes a legal- tender, is strengthened by the consideration that those acts not only do not prohibit, but, by strong implications, sanction contracts made since their passage for payment of coin; and consequently, taken in connection with the provision of the act of 1792, concerning money of account, require that damages upon such contracts be assessed in coin, and judgment rendered accordingly; leaving the assessment of damages for breach of other contracts to be made, and judgments rendered in lawful money. It would be unreasonable to suppose that the legislature intended a different rule as to contracts prior to the enactment of the currency laws, from that sanctioned by them in respect to contracts since. We are of the opinion, therefore, that under the existing laws, of which, in respect to legal tender, the constitutionality is, we repeat, in this ease, assumed, damages may be properly assessed and judgments rendered, so as to give full effect to the intention of parties as to the medium of payment. When, therefore, it appears to be the clear intent of a contract that payment or satisfaction shall be made in gold and silver, damages should be assessed and judgment rendered accordingly.
It follows that in the case before us the judgment was erroneously entered. The damages should have been assessed at the sum agreed to be due, with interest, in gold and silver coin, and judgment should have been entered in coin for that amount, with costs. The judgment of the Court of Common Pleas must, therefore, be
Reversed, and the cause remanded for FURTHER PROCEEDINGS.

 See supra, p. 229.