CONNECTICUT TRUST AND SAFE DEPOSIT COMPANY *vs.* HENRY J. MELENDY & another.

Suffolk.   Nov. 10, 1875.— Jan. 11, 1876.   ENDICOTT & LORD, JJ., absent.

In an action upon a promissory note against the maker, it appeared that, after the note matured, an arrangement was made by which a new note for the same amount was given, signed by the indorsers of the note in suit, and the issue was whether the new note was given in payment of the note in suit or as collateral security for it. One of the indorsers was an attorney at law, and was called as a witness by the plaintiff. Upon cross-examination it appeared that he had aided the plaintiff in the proceeding taken to enforce the note in suit against the defendant. *Held*, that the significance of the witness's acts, as evidence of payment, was for the jury; and that the judge rightly refused to rule, as requested by the plaintiff, that

the fact that the witness aided in collecting the note was no evidence of its payment.

In an action upon a promissory note against the maker, it appeared that, after the note matured, an arrangement was made by which a new note for the same amount was given, signed by the indorsers of the note in suit, and the issue was whether the new note was given in payment of the note in suit or as collateral security for it. The new note was given in another state, by the law of which the giving of a promissory note was not presumed to be in payment of a preëxisting debt. *Held*, that it was a question of fact for the jury, upon the circumstances of the case, whether the fact that the new note was credited upon the books of the holder was evidence of payment. *Held, also*, the plaintiff having requested an instruction that the presumption of law is that the holder did not intend to accept the note in payment and to discharge the maker of the note in suit, and, unless the jury find that a distinct agreement was made to accept the note in payment, they cannot find that it was accepted in payment, and, the instruction being given in substance, though not in the words requested, that the plaintiff had no ground of exception.

In an action upon a promissory note against the maker, it appeared that, after the note matured, an arrangement was made by the agent of the indorsers, by which a new note for the same amount was given, signed by the indorsers of the note in suit, and the issue was whether the new note was given in payment of the note in suit or as collateral security for it. The new note was given in another state, by the law of which the giving of a promissory note was not presumed to be in payment of a preëxisting debt. The plaintiff requested the judge to instruct the jury that, unless the indorsers intended to give their note in payment of the note in suit, it would not be a payment. The judge declined to give this instruction, and instructed the jury that the transaction at the time the new note was given is not only to be considered with regard to what the indorsers did and intended to do about it; if the plaintiff, who was the real creditor, chose to receive it and did receive it as payment and surrendered the note in suit, gave it up and received that in payment, then it was a payment. *Held*, the judge having previously instructed the jury that the defendant must prove an agreement between the parties that the new note was to be taken as payment of the old one, that the plaintiff had no ground of exception.

CONTRACT upon a promissory note dated June 20, 1872, made by Melendy, Dexter & Co., payable three months after date to the order of the Odorless Rubber Co., and indorsed in blank by the payee, " by Robert Snyder, Treas.," and by Samuel L. Warner, Samuel Hubbard and C. C. Post. At the trial in the Supesior Court, before *Aldrich*, J., the jury found for the defendants, and the plaintiff alleged exceptions, the substance of which appears in the opinion.

*G. O. Shattuck & O. W. Holmes, Jr.*, for the plaintiff.

*G. W. Park*, for the defendants.

MORTON, J. The defence in this case was that the note in suit was signed by the defendants at the request and for the ac-

commodation of the Odorless Rubber Company, the payee, and of Warner, Hubbard and Post, the indorsers, who were officers or stockholders of said company, and that the note had been paid by the indorsers. The evidence tended to show that, after the note matured, Graham, acting for the indorsers, made an arrangement with the plaintiff corporation by which he was to give it their note for the same amount; that he gave it such note, signed by Warner, Hubbard and Post, and the note in suit was delivered to him. The principal question at the trial was, whether the new note was given in payment of the note in suit, or merely as collateral security for it. Upon this issue the court instructed the jury, that, as the transaction took place in Connecticut, it was to be governed by the law of that state; that by that law the giving of a promissory note was not presumed to be in payment of a preëxisting debt, and therefore, before they could find for the defendant, they must be satisfied that, by the agreement of the parties, the plaintiff received the new note in payment of the note in suit. No exception was taken to this instruction by either party, but the only exceptions taken were to the refusal of the court to give certain additional instructions requested by the plaintiff.

1. Warner, one of the indorsers, was an attorney at law, and was called as a witness by the plaintiff. Upon cross-examination, it appeared that he had aided the plaintiff in the proceedings taken to enforce the note in suit against the defendants.

The plaintiff requested the court to instruct the jury " that the fact that Warner aided in collecting the note is no evidence of its payment." The court properly refused this request. It was for the jury to determine what was the significance of the acts of the witness, and how far they tended to contradict his testimony, and thus indirectly bore upon the question of payment. There is nothing in the bill of exceptions to show that the evidence was admitted or applied for any other purpose.

2. The court properly refused to rule that "if it were shown that the new note was credited upon the books of the Trust Company, it would be no evidence of payment." The entries upon the books of the plaintiff, and such explanations as it chose to give, were properly before the jury, and they alone had the right to judge of their weight as evidence upon the issue before them

3. The third requested instruction was that "the presumption of law is, that the company did not intend to accept the note in payment, and to discharge Melendy and Dexter; and unless the jury find that a distinct agreement was made to accept the note in payment, they cannot find that it was accepted in payment."

This instruction was given in substance by the court. The plaintiff has no ground of complaint, because the subject of the request was fully covered by the instructions given.

4. At the close of the charge to the jury, and as they were about to retire, the plaintiff asked the court to give the additional instruction "that, unless Hubbard, Warner and Post, the indorsers, intended to give their note in payment of the note in suit, it would not be a payment."

The court refused this instruction, but in answer to it instructed the jury that "the transaction at the time the new note was given is not only to be considered with regard to what Warner, Hubbard and Post did and intended to do about it. If the bank received the new note; if the bank, which was the real creditor, chose to receive it and did receive it as payment, and surrendered this note in suit, gave it up and received that in payment, then it was a payment."

The instruction asked makes the question, whether there was an agreement between the plaintiff and the agent of the indorsers, that the new note should be in payment of the old, turn wholly upon the intentions of the indorsers, without regard to the acts and agreements of the agent. It would tend to confuse and mislead the jury, and was properly refused.

The additional instruction given in answer to it, if it were to be considered by itself, as intended to state the whole law applicable to the subject, would be imperfect. But it cannot fairly be so considered. The court had distinctly and repeatedly instructed the jury that the defendant must prove an agreement between the parties that the new note was to be taken as payment of the old one. The additional instruction was given, and must be construed with reference to these previous instructions. Thus construed, we think it was intended substantially to repeat the former instructions, and to instruct the jury that, if the bank received the new note, under such an agreement, as payment, and surrendered the old note, it was a payment, although the indorsers may

have had an undisclosed intention that it should not be payment. In this sense, and we can have no doubt that the jury so understood it, it is not open to just exception.

*Exceptions overruled.*