## Knox, respondent, v. Gerhauser, appellant.

STATUTE OF LIMITATIONS — *promissory note* — *residence of maker.* A. commenced this action against B. April 1, 1875, upon a promissory note made in California October 1, 1869, in which B. promised to pay one day after date a certain sum in gold coin, or its equivalent, with interest. The complaint alleged that A. and B. were residents of California when the note was made, that B. resided in Nevada from May 1, 1871, until June 1, 1872, when he removed to Montana; and that he has resided in this Territory since that time. B. moved to strike from the complaint these allegations and the motion was overruled. *Held,* that these allegations were material, and that the complaint without them would have stated a cause of action that was barred by the Statute of Limitations.

SAME — *"lapse of time" in California and Montana laws.* Under the laws of this Territory, an action which cannot be maintained in California upon said promissory note, by reason of the lapse of time, cannot be maintained in this Territory. The statutes of California provide that an action upon a promissory note must be commenced within four years, and that the time during which a person is absent from the State after a cause of action has accrued against him shall not be a part of the time limited for the commencement of the action. *Held,* that this action was not barred by the Statutes of Limitations of California or this Territory.

PLEADINGS GOVERN EVIDENCE. B.'s answer alleged that B. was a resident of California when the note was made. B. testified that he resided in Nevada when the note was made. *Held,* that this court must be controlled by the facts appearing in the answer.

PAYMENT OF PROMISSORY NOTE BY ORDER. Upon the trial, B. testified that when the note was made and delivered to A., he gave him also an order upon C. for the payment of the note · that a suit was then pending between B. and C.; that B. afterward had a settlement with C., who reserved the amount of the note; and that B. did not know what became of the order or the amount so reserved. A testified that he received the order from B.; and that C. refused

to accept it and never paid it. *Held*, that the acceptance of the order by A. did not extinguish the note, unless there was an express agreement between A. and B. that it should be received as payment. *Held, also*, that it was the province of the jury to determine whether the order was taken by A. in absolute payment of the note, or as collateral security.

RETURN OF ORDER BEFORE JUDGMENT. A. did not account for the foregoing order, or offer to return it to B., or deliver it into court, before the entry of the judgment against B. upon said note. *Held*, that the judgment was properly entered without requiring the surrender of the order.

JUDGMENT IN GOLD COIN OR ITS VALUE. The jury assessed the damages of A. at $743 in gold coin of the United States, or $757.86 in legal tender treasury notes of the United States, the equivalent of the gold coin. The judgment was entered for the last-named sum. *Held*, that the judgment does not follow the verdict, and that the judgment should fix the amount to be paid, if paid in gold coin, and the amount to be paid, if paid in said legal tenders.

COSTS WHEN JUDGMENT IS MODIFIED. The appellant did not ask the court below to modify the judgment, and this court modified the same, upon its own motion, by prescribing the manner of satisfying it. *Held*, that the appellant cannot recover his costs of appeal.

*Appeal from Third District, Lewis and Clarke County.*

THIS action was tried before WADE, C. J., who entered a judgment for Knox.

H. R. COMLY and E. W. TOOLE, for appellant.

No judgment could be entered on the verdict under the laws of this Territory. The judgment does not follow the verdict. *Frohner* v. *Rodgers*, 2 Mon. 179.

The action is barred by lapse of time. The limitation upon promissory notes in California is four years, and appellant's absence from the State cannot be deducted therefrom, because he was not a resident thereof at the time of the execution of the contract, but a resident of Nevada. Civ. Pr. Act, § 580; Cod. Sts. 518, § 21; *Fletcher* v. *Spaulding*, 9 Minn. 64; *Thomas* v. *Black*, 22 Mo. 330; *Fike* v. *Clark*, 55 id. 105.

Appellant gave an order to respondent, and this was accepted and amounts to payment unless respondent shows that he gave notice of non-payment to appellant. No such notice was given. *Kephart* v. *Butcher*, 17 Iowa, 240.

Appellant was entitled to recoup $600, which the insurance company retained when it settled with appellant, on account of

the order given to respondent by appellant. *Kephart* v. *Butcher*, *supra*, and cases cited.

Respondent retains the order given him by appellant, and does not account therefor. He cannot recover on this showing. 2 Am. L. C. 229; *Jones* v. *Savage*, 6 Wend. 658; *Dayton* v. *Trull*, 23 id. 345.

SANDERS & CULLEN, for respondent.

The verdict found so much due respondent and the judgment is for this amount. The finding as to coin might be deemed surplusage.

Appellant's residence, so that he has been absent from California, is not material. Appellant admits in the answer that he resided in California October 1, 1869, and cannot now be allowed to assert otherwise.

If the maker of a note resides in California four years, an action is barred by the Statute of Limitations. If he continues to reside outside of the State, a^ter making the note, no lapse of time bars the remedy. Appellant did not reside in California after giving the note.

Appellant did not ask for damages in his answer and therefore could not recover any.

Appellant did not plead that he gave an order to respondent in payment of the note. He alleged an absolute payment in money to respondent. The proof does not support the answer. The vital fact is the payment to respondent which is unproved. *Griffith* v. *Grogan*, 12 Cal. 317; Pomeroy on Rem., § 554.

The pleadings show that the parties resided in California when the note was made, and that appellant left forthwith and never returned. Respondent did not follow him up and re-deliver the order, and appellant cannot recover damages, which are not asked for in his pleadings. Pomeroy on Rem., § 556; *Phillips* v. *Van Schaick*, 37 Iowa, 229; *Pier* v. *Heinrichoffen*, 52 Mo. 333; *Johnson* v. *Moss*, 45 Cal. 515.

Appellant was required to prove that the insurance company did pay the order. Pomeroy on Rem., § 564. The order can have no other effect than that of collateral security for the note.

It was neither appellant's own note, nor the note of a third party. *Clark* v. *Young*, 1 Cranch, 181; *Peter* v. *Beverly*, 10 Pet. 532; *Downey* v. *Hicks*, 14 How. (U. S.) 532; *Brown* v. *Spofford*, 95 U. S. 474.

The statute of Missouri is different from that of California, and the cases relied on by appellant are inapplicable.

The failure to enter a judgment for gold coin affects no substantial rights of appellant, and the judgment cannot be reversed therefor. Civ. Pr. Act, § 79.

H. R. COMLY and E. W. TOOLE, for appellant, in reply.

The evidence relating to the order was received upon the trial, and it is too late to object to its admissibility. The appellant's plea of payment was sufficient to admit it. If the parties stipulate to make the order a conditional payment, it is what the law makes it, and is admissible under the plea. 2 Am. L. C. 249–251; Pomeroy on Rem., §§ 700, 701; Byles on Bills (6th ed.), 304. The conditional payment is a payment, unless respondent produces the order or gives notice of its non-payment to appellant, so that the latter would suffer no injury.

BLAKE, J. The respondent commenced this action April 1, 1875, to recover the amount due on a promissory note, which was made at Sacramento, State of California, October 1, 1869, and in which the appellant promised to pay to the order of the respondent, one day after date, $422.64 in gold coin of the United States, or its equivalent, with interest at the rate of one and one-half per centum per month. The case was tried by a jury and judgment was entered on the verdict in favor of the respondent. We will examine the questions that have been discussed by counsel.

The respondent filed an amended complaint May 10, 1875, which contained a number of allegations in addition to those which would be sufficient to support a judgment in ordinary causes for the owner of a promissory note. The following facts were stated in them: That the appellant at Helena, March 1, 1875, promised to pay the note; that the appellant and respondent were residents of the State of California, when the note was executed and delivered; that the appellant removed to the State

of Nevada, May 1, 1871, and continued to reside there until June 1, 1872, when he removed to Montana; that the appellant has resided in Montana since June 1, 1872; and that this action was not barred by the Statute of Limitations of said Nevada and Montana.

The appellant filed a motion to strike from the complaint these allegations because they were " irrelevant, immaterial and redundant." The motion was denied and the appellant contends that this ruling is erroneous. Under the Civil Practice Act, "if irrelevant or redundant matter be inserted in a pleading, it may be stricken out by the court on motion of any person aggrieved thereby." Civ. Pr. Act, § 65. The original complaint and the orders that were made in the action before the amended complaint was filed might aid us in passing upon this question, but they do not appear in the transcript. We infer that these facts have been pleaded for the purpose of showing that the Statute of Limitations of this Territory did not defeat the action. Without these allegations, the complaint would be held insufficient on the ground that the action was barred by that statute. The pleadings should allege the facts concerning the residence of a party within this Territory or his absence therefrom, which take the subject of the action from the operation of the Statute of Limitations. *Smith* v. *Richmond*, 19 Cal. 481; *Chabot* v. *Tucker*, 39 id. 434; *Bass* v. *Berry*, 51 id. 264. The exceptional matters, which have been mentioned, were not irrelevant, immaterial or redundant and the action of the court on the motion was correct. The allegation that the action is not barred by the Statutes of Limitations of Nevada and Montana is a conclusion of law and the motion of the appellant to strike it from the complaint should have been sustained. But this error in the proceedings does not affect the substantial rights of the parties and the judgment cannot be reversed on account of it. Civ. Pr. Act, § 79.

The answer admitted the execution of the note, and that the appellant and respondent were residents of the State of California when it was executed. It alleged that the appellant removed to Nevada October 10, 1869; that he re-

sided there until the month of May, 1870; and that he has been a resident of Montana since May, 1870. At the trial these facts, with one exception, which will be pointed out in this opinion, seem to have been established without any controversy, and the parties differed respecting the principles of law that should be applied to them. It is not necessary to refer to all the exceptions of the appellant to the instructions which were given and refused by the court, and the rulings upon the admission of evidence, that are determined by an examination of the Statute of Limitations of California. The appellant insists that the court erred in holding that the action was not barred by this statute. The following sections of the laws of this Territory govern the case. "When a cause of action has arisen in another State * * * and by the laws thereof an action thereon cannot be there maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this Territory" * * *. Civ. Pr. Act, § 580. "When the cause of action shall have arisen in any other State * * * and by the laws thereof an action cannot be maintained against a person by reason of the lapse of time, no action thereon shall be commenced against him in this Territory." Cod. Sts. 518, § 21. The laws of the State of California, which affect the parties, provide as follows: "If when the cause of action shall accrue against a person, he is out of the State, the action may be commenced within the time herein limited, after his return to the State, and if after the cause of action shall have accrued, he depart the State, the time of his absence shall not be a part of the time limited for the commencement of the action." "An action upon any contract, obligation or liability founded upon an instrument of writing" must be commenced within four years. 2 Hittell's Laws of California, 633. It is maintained by the counsel for the appellant that this action is barred under the laws of this Territory "by reason of the lapse of time," as the limitation upon promissory notes in the State of California is four years; that the period during which the appellant was absent from California cannot be deducted because he was a resident of the State of Nevada when

the note was executed; and that the appellant resided in Montana more than four years prior to the commencement of this action. The appellant testified as follows upon the fact of his residence : "I resided in Nevada when the note was given and plaintiff (Knox) resided in California." The answer, which is verified by the appellant, "admits that said note was made and executed in the State of California, and whilst plaintiff and defendant were residents of said State; * * * and avers that he (Gerhauser) moved to said last-mentioned State (Nevada) on or about the 10th day of October, A. D. 1869 * * *." This argument is based upon the assumption of the fact, relating to the residence of the appellant in the State of Nevada when the note was made, which is in conflict with the admissions and averments of the answer. The decision of this court must be controlled by the fact which is stated in the answer. *Fisk* v. *Cuthbert*, 2 Mon. 593.

We think there is no difficulty in the application of the statutes to these facts. The law of the State of California, which requires an action upon a contract to be commenced within four years, is enforced against the residents thereof, during said term of four years and is not applicable to this case because the appellant has not returned to the State since October 10, 1869, and has resided elsewhere. The appellant departed from the State of California after this cause of action accrued, and the law is plain that "the time of his absence shall not be a part of the time limited for the commencement of the action." The lapse of time during this period of the absence of the appellant from the State of California is immaterial. The statute does not define its effect by prescribing any number of years. The supreme court of California has examined this provision. *Palmer* v. *Shaw*, 16 Cal. 93 ; *Rogers* v. *Hatch*, 44 id. 280. In the last case, it is held that the successive absences of a person from the State must be aggregated together and deducted from the whole time which has elapsed since the cause of action accrued, and the remainder is the time the Statute of Limitations has run. The court below interpreted these statutes correctly in its instructions.

The next matter for our consideration is the testimony respect-

ing the payment of the note by the appellant. The answer contains this allegation: "And the said defendant, for further answer, says that he left and deposited the money to pay off and discharge said note at its maturity with certain parties at the place whereat said note was given and payable, and that he is informed and believes and therefore charges that the said note and the whole thereof was duly paid off and satisfied." This allegation was denied by the respondent in his replication. At the trial, the appellant testified that, at the time the note was made, he gave an order upon the North British Insurance Company for the payment of the note to the respondent; that "it was one transaction;" that a suit was then pending between him and the company in which he claimed that the company owed him; that he settled with the company in 187– and the amount of the note, $600, was reserved out of the sum that was due to him; that he did not know what was done with the order on the amount so reserved; that the respondent was to be satisfied if the insurance money was paid; and that it was agreed between the respondent and a man who acted for the company that the amount of the note was to be paid to the respondent, if the company paid it. The respondent testified in his deposition that the appellant gave him the order; that the company refused to accept it; and that no payment had been made on the note. W. C. Child testified that he called upon the appellant in 1872, and presented the note for payment; that the appellant said he did not have the money but would pay it soon; and that the appellant wanted to settle this and other demands against him then held by Child at forty cents on the dollar. The appellant testified that Child never presented this note to him and that nothing was said about it. No other testimony was offered by the parties in relation to this subject.

The appellant claims that the court erred in its instructions; that his defense of payment was established by the evidence; that the respondent was required to prove that he presented the order to the company for acceptance and gave notice of its non-acceptance to the appellant; that the respondent could not recover in the action without accounting for the order; and that

the appellant was entitled to recoup the $600 so reserved by the company, as damages.

The note was never surrendered by the respondent, and the burden of proving that it had been paid rested on the appellant. The foregoing testimony, respecting the nature of the transaction between the appellant and respondent, and the execution and delivery of the note and order, was admitted on the trial without any objection, and the instructions of the court were based upon it. We will therefore assume that these facts were properly before the jury and express no opinion upon the right of the appellant to prove them under the pleadings or make this defense.

The contracts which have been referred to were made and to be performed in California, and their construction must be governed by the law of that State. The decisions of its courts have been uniform in every case in which the question has been discussed. In *Brown* v. *Olmsted*, 50 Cal. 165, Mr. Justice NILES says: "This court has repeatedly recognized the rule that an express agreement must be shown to establish the fact that a bill or note of either the debtor or a third person was taken by the creditor in payment of a pre-existing debt." *Brewster* v. *Bours*, 8 Cal. 506 ; *Griffith* v. *Grogan*, 12 id. 320 ; *Welch* v. *Allington*, 23 id. 322. This doctrine is supported by many authorities. 2 Pars. on Notes and Bills, 185, and cases there cited ; 2 Am. L. C. (4th ed.) 242, and cases there cited ; *Kephart* v. *Butcher*, 17 Iowa, 240, and cases there cited ; *Downey* v. *Hicks*, 14 How. (U. S.) 240. In *Peter* v. *Beverly*, 10 Pet. 568, Mr. Justice THOMPSON cites with approval the case of *James* v. *Hackley*, 16 Johns. 277, in which the same principle is "well and succinctly laid down," and says: "It is unnecessary in the present case to carry the principle so far as to say there must be an express agreement for that purpose, in order to operate as payment; but the evidence must certainly be so clear and satisfactory as to leave no reasonable doubt that such was the intention of the parties." We are of the opinion that the acceptance of the order by the respondent did not extinguish the note unless it was expressly agreed that it should be received as payment. If the order was de-

livered and received as an absolute payment and discharge of the note, this action cannot be maintained.

It was the province of the jury to ascertain from the evidence the intention of the parties and determine whether the order was taken by the respondent in absolute payment of the note or as collateral security only. *Lyman* v. *U. S. Bank*, 12 How. (U. S.) 244; *Bonnell* v. *Chamberlin*, 26 Conn. 487; *Horner* v. *Hower*, 49 Penn. St. 65; *Connecticut T. Co.* v. *Melendy*, 119 Mass. 449. The jury must have been satisfied that the order was delivered as a conditional payment or collateral security of the note, and we think that it cannot be claimed that this finding is against the evidence. If we concede that the testimony is conflicting in this matter, we cannot disturb the verdict.

The appellant contends that the respondent was not entitled to his judgment until he had accounted for the order or offered to return it. The payment of the order, which was given in 1869, depended upon the success of the appellant in the prosecution of his suit against the North British Insurance Company, and it appears that this litigation was not finally decided until 1872 or 1873. The order was not accepted or paid by the company, and the appellant within a few days after its delivery to the respondent ceased to be a resident of the State of California.

The appellant relies on the following cases: *Jones* v. *Savage*, 6 Wend. 658; *Dayton* v. *Trull*, 23 id. 345; *Kephart* v. *Butcher*, 17 Iowa, 240. In *Jones* v. *Savage*, *supra*, the action was on a bill of exchange which had been given for goods, and it was held that unless due diligence was used to obtain payment upon the bill, the original debtor was discharged, and Mr. Chief Justice SAVAGE says: "It may be that the holder of the bill, when it fell due, made it his own, by omitting to demand payment and give notice. It may be that the defendant had funds in the hands of the drawee, with which it would have been paid if presented." In *Dayton* v. *Trull*, *supra*, it was held that a draft or bill of exchange upon a third person, given in full satisfaction of a judgment when paid, is *prima facie* evidence of the payment of the judgment; and that the creditor must show in an action on the judgment, diligence in obtaining payment of the

bill, and if not paid, notice of non-payment, or excuse the non-presentment and produce the bill on the trial to be canceled. Mr. Justice BRONSON says: " The defendant had a right to presume that the bills would be presented, and if he received no notice of their dishonor, he would naturally conclude that his funds in the hands of the drawee had been applied in satisfaction of his debt to the plaintiff." In *Kephart* v. *Butcher*, *supra*, the court holds that the creditor who has taken the note of a third person for a pre-existing debt is not debarred from resorting to the original consideration, although he has not presented the instrument or given notice of its dishonor, provided that he can show that the debtor has not, in consequence of such omission, sustained any injury. In this case Mr. Justice DILLON reviews the authorities and concludes that actual loss or prejudice is the true test of the right of the creditor to fall back upon the original consideration.

The respondent did not receive from the appellant a bill of exchange or the note of a third party, and the cases which have been cited by the appellant are not applicable to the order in controversy. In *Jones* v. *Savage*, *supra*, the court assumed that the drawee had funds for the payment of a bill which had not been presented. In the case at bar, we know that the order was drawn on a fund which did not exist until a number of years afterward. In *Dayton* v. *Trull*, *supra*, the court held that a party could presume that his money in the hands of the drawee had been applied on his bills if there had been no notice of dishonor. In the case at bar, the facts repel this presumption in favor of the appellant. The respondent did not injure the appellant by presenting the order to the company that declined to accept it, and we are unable to see any legal reason for the failure of the company to pay to the appellant the amount which is mentioned in the order at the time of the settlement between them.

In *Crawford* v. *Cully*, Wright, 453, an order was drawn by a party on an attorney at law with whom he had left some demands for collection, when the attorney had paid more than he had collected. Mr. Justice WOOD said: " The paper offered is not a bill of exchange, or subject to the law merchant governing bills.

It is a mere order by a client upon his attorney to pay over money which he had collected; an order on a contingent fund. The attorney had no money to pay over. * * * The drawee of such an order could not claim to be exonerated, because he had not notice in time." In *Hoar* v. *Clute*, 15 Johns. 224, it is held that an order, not negotiable, for the payment of money, which has not been paid or accepted by the drawee, is not a payment or extinguishment of a precedent debt.

In *Clark* v. *Young*, 1 Cranch, 181, the court decided that it was not necessary to prove an offer to return a note before an action was commenced on the original debt. In *Rogers* v. *Shelburne*, 42 Vt. 550, it is held that the taking of an order for the payment of a demand does not impair the right to sue on the original debt, although the order is not produced in court on the trial. We think that the respondent was not required to notify the appellant that the order had not been accepted by the company, with which he had no funds. It was not necessary for the respondent to return the order to the appellant before the judgment was entered, because it was of no benefit to either party and could not affect any rights in this action. The respondent is not liable for the conduct of the insurance company in withholding any sum from the appellant at the time of the settlement of the litigation between the parties, and the court below properly refused to allow the jury to assess any damages against the respondent on this matter.

This branch of the case may be determined by an examination of the following rule, which is well settled by the authorities that are referred to in *Brown* v. *Spofford*, 95 U. S. 482, by Mr. Justice CLIFFORD, who says: "Parol evidence of an agreement, made contemporaneously with a promissory note which contains an absolute promise to pay at a specified time, is not admissible in order to extend the time for payment, or to provide for the payment out of any particular fund, or in any other way than that specified in the instrument, or to make the payment depend upon condition. Chitty on Cont. (10th ed.) 99; *Abrey* v. *Crux*, Law Rep., 5 C. P. 41; *Allan* v. *Furbish*, 4 Gray, 504; 2 Pars. on Notes and Bills, 501." The testimony of the appellant that the

execution and delivery of the note and order constituted one transaction brings the case within the foregoing rule.

The appellant maintains that no judgment can be rendered upon the verdict under the laws of this Territory, and that the judgment appealed from does not follow the verdict. The note does not appear in the transcript and we have stated what is contained in the pleadings respecting it. The following verdict was returned: "We, the jury in the above-entitled cause, do find a verdict for the plaintiff, and we assess his damages at $743 in United States gold coin, or in the sum of $757.86 in legal tender United States treasury notes, which we find to be the equivalent of said United States gold coin." The judgment was entered for the respondent for the sum of $757.86, and recited that the jury found a "verdict for the plaintiff and against the defendant in the sum of $757.86." The judgment should follow the verdict. *Frohner* v. *Rodgers*, 2 Mon. 179. The complaint prayed "judgment for $422.64 in United States gold coin, or $480 in United States treasury notes, being its equivalent."

The decisions of the highest courts of the States are conflicting upon the character of the judgment that should be entered upon the verdict and complaint in this action. Within a brief period after the passage by congress of the laws which are known generally as the legal tender acts, judgments similar to that under consideration were affirmed in a number of cases. Afterward, the supreme court of the United States passed upon the questions which are involved in this inquiry, and we must accept and enforce its construction of the statutes of the United States. In *Bronson* v. *Rodes*, 7 Wall. 229, Mr. Chief Justice CHASE says: "When, therefore, contracts made payable in coin are sued upon, judgments may be entered for coined dollars and parts of dollars; and when contracts have been made payable in dollars generally, without specifying in what description of currency payment is to be made, judgments may be entered generally, without such specification." In *Butler* v. *Horwitz*, 7 Wall. 258, a judgment had been entered in the court below in favor of Horwitz for the value in currency of the amount of the rent that Butler had agreed in writing to pay in gold and silver. Mr. Chief

Justice CHASE said in the opinion : " When, therefore, it appears to be the clear intent of a contract that payment or satisfaction shall be made in gold and silver, damages should be assessed and judgment rendered accordingly." The court held that the damages should have been assessed at the sum which was due in gold and silver coin and judgment should have been entered in coin for that amount, and therefore the judgment of the court below was reversed. In *Dewing* v. *Sears,* 11 Wall. 379, the facts were the same as in the case of *Butler* v. *Horwitz, supra,* and the court held that the judgment "should have been entered for coined dollars and parts of dollars, instead of treasury notes equivalent in market value to the value in coined money of the stipulated weight of pure gold." In *Thompson* v. *Butler,* 95 U. S. 694, Mr. Chief Justice WAITE says : " One owing a debt may pay it in gold coin or legal tender notes of the United States, as he chooses, unless there is something to the contrary in the obligation out of which the debt arises."

These cases establish the rule that, when a contract is payable in gold coin, the intent of the parties must be carried into effect, and the judgment should be rendered for gold coin specifically.

This principle has been recognized and adopted in the following cases : *Independent I. Co.* v. *Thomas,* 104 Mass. 192; *Warren* v. *Franklin I. Co.,* id. 518; *Stark* v. *Coffin,* 105 id. 328; *Davis* v. *Mason,* 3 Oreg. 154 ; *Kellogg* v. *Sweeney,* 46 N. Y. 291; *Phillips* v. *Dugan,* 21 Ohio St. 466.

It is apparent that the judgment does not follow the verdict, and that it fails to assess the damages according to the true intent of the parties to the note. No judgment has been entered for coined dollars and parts of dollars. In *Wells* v. *Van Sickle,* 6 Nev. 45, the action was brought on a promissory note, which was payable, like that in controversy, "in gold coin, or its equivalent in United States legal tender notes." The court below rendered judgment for gold coin. In the opinion of the court, Mr. Justice WHITMAN says : " In conclusion, then, this contract is not illegal. It is in the alternative. If default be made in the payment of gold coin, then as compensation therefor the market value of such gold coin, at the time and place of trial, is to be assessed upon

proper proof made, in legal tender paper dollars; and judgment should be entered accordingly, as suggested in the case last cited. *Lane* v. *Gluckauf*, 28 Cal. 288.   The judgment of the district court being simply and solely for gold coin is erroneous." The judgment in this action must follow the verdict and fix the amount to be paid, if paid in gold coin, and the amount to be paid, if paid in legal tender notes.

The judgment of the court below is modified, and the case is remanded with directions to enter a judgment upon the verdict for the respondent in conformity to this opinion.

The appellant did not make an application in the court below for a modification of the judgment in this respect and no costs will be allowed to him on this appeal.   *Noonan* v. *Hlood*, 49 Cal. 293.   It is therefore ordered that the cases be remanded without costs to the appellant.

*Judgment modified.*